

**ANGEL DE JESUS PACHECO SANTOS,** \*
A#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
    Petitioner,      \*

v.      \*    **CIVIL ACTION NO. PWG-17-2895**

**DONNA BOUNDS, WARDEN**      \*

    Respondent.      \*
                      \*\*\*\*\*

## MEMORANDUM OPINION

On September 29, 2017, self-represented Petitioner Angel De Jesus Pacheco Santos ("Pacheco Santos") filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. ECF No. 1. He claims that he is improperly detained by the Department of Homeland Security ("DHS"). Pacheco Santos states that he was denied bail and found to be a "'danger to society" based upon his traffic infractions[1] and a November 22, 2016 state circuit court conviction for assault. He argues that he was "unfairly asked to remember exact dates and events that happened over 20 years ago and was badly advised and represented by [his] attorney." Pet. 7.[2] Pacheco Santos requests that his custody review be reopened and that he be granted bail. *Id.*

Respondent filed a motion to dismiss and response to the Court's show cause order, ECF No. 5, along with eleven exhibits containing Pacheco Santos's legal records, ECF Nos. 5-1 – 5-11. The records establish that, at an April 17, 2017, proceeding Pacheco Santos filed two applications: (1) an application for suspension of deportation or special rule cancellation of

---

[1] Pacheco Santos was convicted of driving under the influence (DUI) in November of 2016 in the Circuit Court for Anne Arundel County. State Ct. Docs., ECF No. 1-2.
[2] All citations reference electronic pagination.

removal, which was supplemented on July 5, 2017; and (2) an application for cancellation of removal and adjustment of status for certain non-permanent residents. Recs., ECF No. 5-9, at 3-37. An individual removal hearing was held and on July 24, 2017, Immigration Judge Elizabeth Kessler denied both applications and ordered Pacheco Santos removed to El Salvador. Recs., ECF No. 5-10, at 3-4. Santos appealed the judge's decision to the Board of Immigration Appeals ("BIA") on August 25, 2017. Recs., ECF No. 5-11, at 1-4.

On January 25, 2018, Respondent filed another motion to dismiss, arguing the petition is moot.[3] ECF No. 8. Respondent attached the BIA's January 18, 2018 affirmance of the immigration judge's removal order and dismissal of Santos's appeal. ECF No. 8-1. Respondent argues that, as Santos is no longer in pre-removal-order custody under 8 U.S.C. § 1226 and subject to bond or bail review hearings, his claim is moot and "his detention is now governed by 8 U.S.C. § 1231, which starts a new period of detention." Resp.'s Mot. 3.

**Analysis**

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). The "case-or-controversy" requirement subsists through all stages of federal judicial proceedings. *Id.* Thus, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67

---

[3] On February 5, 2018, I issued a letter order which dismissed Respondent's original motion to dismiss as moot. Ltr. Order, ECF No. 10. Further, pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 30, 2018, the Clerk of Court informed Santos that Respondent had filed a motion to dismiss; that he had seventeen days in which to file a written opposition to the motion; and that if Santos failed to respond, his petition could be dismissed without further notice. ECF No. 9. My Letter Order also directed Santos to respond to the new motion to dismiss as explained in the Clerk's January 30, 2018 letter. Ltr. Order. Although twice placed on notice of his right to do so, Pacheco Santos has not filed a response.

2

(1997) (internal quotation marks and citations omitted). A case becomes moot when the issues presented are "no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (alterations in original). Plainly, there has been a change in Pacheco Santos's immigration custody status in that he is no longer held in pre-removal custody, and his original due process claim regarding his custodial status under 8 U.S.C. § 1226 is now moot. Respondent's motion to dismiss IS GRANTED.

Insofar as Pacheco Santos may challenge, under § 1231, the reasonableness of his continued detention following the January 10, 2018 removal order, Respondent accurately summarized the relevant case law from *Zadvydas v. Davis*, 533 U.S. 678 (2001):

> In *Zadvydas*, the Supreme Court interpreted § 1231(a)(6) to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." *Id.* at 689. The Supreme Court held that it was presumptively reasonable for the government to detain an alien for six months. *Id.* at 701. Beyond the six months, if removal is no longer reasonably foreseeable, the statute does not authorize continued detention. *Id.* The Supreme Court made clear that after the expiration of the presumptively reasonable six-month detention period, the alien, not the government, bears the burden to show that his removal is no longer reasonably foreseeable. *Id.* at 701. If the alien carries this burden, then the government must provide evidence to rebut that showing – such that if it can show there is a significant likelihood of removal in the reasonably foreseeable future, the government may continue to detain the alien. *Id.* at 700-01.

Resp.'s Mot. 5-6. Because this presumptively reasonable six-month period has not expired, any such challenge would be premature. *See Zadvydas*, 533 U.S. at 700–01; *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (six-month period of post-removal-order detention recognized by Supreme Court must have expired at the time the § 2241 petition is filed in order to state a claim under *Zadvydas*). Thus, Pacheco Santos's current detention violates neither procedural nor substantive due process.

## Conclusion

Pacheco Santos's challenge to his pre-removal detention has been rendered moot. Respondent's motion to dismiss shall be granted.[4] The Petition for writ of habeas corpus shall otherwise be dismissed. A separate Order follows.

Date: 4/11/2018

Paul W. Grimm
United States District Judge

---

[4] To the extent that Pacheco Santos wishes to attack his post-removal order detention, he may file a future § 2241 petition.